BEFORE THE THIRD DIVISION, JUNE 12, 1940

**No. 43944.**—Petition 5793–R of Albert Klingelhofer (Buffalo).

EVANS, Judge: This is a petition filed under authority of section 489 of the Tariff Act of 1930 for the remission of additional duty assessed upon imported merchandise because of the fact that the final appraised value exceeded the value declared on entry. Upon the hearing the importer sought to establish his good faith in making the entry at a lower value for the merchandise by asserting his belief that he had a right to take advantage of a 200-piece wholesale price for each of the items involved, as noted on the consular invoice. He claimed that he ordered 250 but that, because of his limited financial ability at the time, he required deliveries to be made in lots of 50 each.

Another line of testimony in an attempt to establish good faith was the question of his appeal to reappraisement. Neither party offered the record in the reappraisement proceeding, but counsel for the importer did develop that the reappraisement case was dismissed for insufficiency of evidence, and questions were asked which evidently were intended to show that it was no fault of the importer, because he could not get the information from abroad. Undoubtedly it was difficult to procure evidence from abroad. An examination of the entry papers, however, coupled with the judgment that was entered, persuades this court that the merchandise was not ordered in quantities of 200 each or over. If the order had been for that amount there would have been no reason for the exporter's statement that appears on the invoice *"Usual Wholesale* quantities 200 pieces, piece would cost in this quantity: flex. core No. 8 RM 4.45; flex. casing No. 8 RM 5.85, handpiece FH 5 with wrench RM 9.—." All that the exporter need have stated on the invoice would have been something to the effect that the usual wholesale quantity is 200. He invoiced these at the higher price than was charged for the 200-piece quantity. Nevertheless, the importer entered at a price to take advantage of the 200-piece price, but unfortunately he was unable to produce a satisfactory order or any other documents that would satisfy the judge sitting in the appraisement proceeding that he actually in good faith gave an order for 250 pieces. Neither did he produce a copy of his order nor of any document at the trial in this remission case which would establish that he had ordered in 200-piece lots or more. He did introduce as Exhibit 1 a letter which he translated, wherein the exporter states something to the effect that "the price of reichmarks 10.30 for shafting No. 8, 10.80 for shafting No. 10, and 9 marks for handpiece FH 5 can be granted to you only when the advance [is] to the amount of $446.67, has been wiped out—paid for. In the meantime we are charging you somewhat higher prices and are crediting you with the difference between the wholesale prices and for the prices charged in latter shipments, until the advances have been paid off." That letter is dated February 7, 1936, long after the entry of the instant merchandise.

Furthermore, there is no showing that the importer ever met the requirements of this letter by payment of the so-called advances therein mentioned.

Having had the experience of testifying in the reappraisement case, it would appear that prudence should have dictated to the importer that he produce in this

remission case records from his own file which would establish the claim he was asserting. He had his file in court but he produced neither order nor confirmation of any order in quantities of 200 or more.

In the case of *Gresham* v. *United States*, C. A. D. 70, citing with approval *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250, the court stated:

Moreover, it is clear the Congress by the enactment of said section 489 and its predecessor did not intend to suggest that there was a changed attitude toward the wholesome effect of the additional duty provision in protecting the revenues, nor did it intend to provide an easy means for the circumvention of the statute.

We are unable to find from the record herein that the entry at a value less than that found on final appraisement was without intent to defraud the revenue or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

The petition is therefore denied. Judgment will be rendered accordingly.